Reed, P. J.,
delivered the opinion of the court.
Plaintiff brought suit against the defendant. The complaint contained three counts : First, for false imprisonment; second, for malicious prosecution ; third, for libel.
Upon entering upon the trial, plaintiff withdrew the third count, which was for libel. The court, of its own motion, after the jury was called and sworn, struck out or withdrew from the consideration of the jury the first count for false imprisonment, which was as follows :
“ 1. That at all of the times hereinafter mentioned the above mentioned defendant was doing business in the city of Denver in said county and state, as J. D. Best & Co.
“ 2. That on or about the 5th day of April, 1893, at Denver, in said county and state, the defendant, his agent and servants, falsely, maliciously, unlawfully, wrongfully, and without reasonable or probable cause, caused and procured the plaintiff to be arrested and imprisoned upon a pretended charge, as follows : ‘ That on or about the 1st day of December, 1892, to March 31st, 1893, both inclusive, at to wit, tire said county of Arapahoe, in the state aforesaid, Chitty C. Kyes did by false pretenses knowingly and designedly obtain a false credit with J. D. Best & Co., with the intent to damage and defraud said J. D. Best, and did thereby swindle and defraud said J. D. Best, in the sum of seven hundred and seventy-five dollars.’ And thereby deprived the plaintiff of his liberty for the space of, to wit, three hours. Whereby the plaintiff was greatly injured in his feelings, credit, reputation and business, and whereby the plaintiff lost employment from the following persons, to wit, Daniel D. Streeter, of Kalamazoo, Michigan, whereby the plaintiff was damaged in the sum of, to wit, $5,000; J. A. McMurtrie, of Denver, Colorado, *131 whereby the plaintiff was damaged in the sum of, to wit, $1,000; Joseph Wier, of Sterling,-Colorado, whereby the plaintiff was damaged in the sum of, to wit, $2,500.
“ To the plaintiff’s total damage of, to wit, fifty thousand dollars ($50,000).”
Trial proceeded on the second count, resulting in a verdict and judgment for the plaintiff for $5.00. It is assigned and urged that the court erred in withdrawing from the jury, on his own motion, the first count, after the jury was impaneled and sworn.
It appears that in the first instance defendant filed a general demurrer to each of the three counts, afterwards withdrew the demurrer, answered, and plaintiff replied; consequently issues were made upon the count and the jury sworn to try them, when it was withdrawn by the court, bio reason for such action was given by the court. Defendants in argument infer and urge that “ the court was authorized to dismiss the cause of action of his own motion only on the ground that if plaintiff proved all the facts stated therein no cause of action would lie. We must presume that this was the ground of the court’s action in this case.” So it will be seen that the reason that actuated the court is based upon conjecture and presumption, and the argument is directed to establishing that the court, if the inference of the reason was correct, was justified in his action, and that the count did not state a cause of action. Undoubtedly the court had some, self-satisfactory reason for his action, but we shall not hazard, a guess as to what it was. If, as argued, the count was so defective that it could not even have been -amended so as to state a cause of action, counsel were rather late in finding it. out after the jury was sworn to try the issues made by themselves in answering, and it was certainly unkind to fail to demur and leave the court to demur sua sponte. By failing to demur and answering, the defects were waived and the complaint accepted as stating a cause of action. If the demurrer had been filed and urged with the same real zeal and ability shown in sustaining the presumed ground of the action *132 of the court, the judgment of the court could have been obtained, and if the count was defective, in either form or substance, plaintiff could have availed himself of the statutory right of amendment. By the course of counsel and the act of the court plaintiff was prevented from amending, if the court required it. It is a well recognized and established principle that even a defective complaint is made good by waiver, and is good after the judgment.
We shall not examine the complaint to decide upon its sufficiency. It was based upon a supposed cause of action separate and distinct from the others.
It is said by counsel “ the court was authorized to dismiss the cause of action,” etc., but no authorities are cited to support the statement, nor can I find any. To admit the authority and the right to exercise it, under the circumstances shown in this case, would he to preclude a party from his statutory right of amendment, and be such an unwarranted innovation upon the established practice as to be dangerous to litigants.
The court erred in withdrawing from the jury the issues upon the count, and the judgment must be reversed.

Reversed.